J-S68018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| WARREN D. EASLEY | |
| Appellant | No. 1868 WDA 2015 |

Appeal from the Judgment of Sentence dated October 13, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000071-2015

BEFORE:  SHOGAN, J., SOLANO, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SOLANO, J.:                **FILED NOVEMBER 08, 2016**

Appellant Warren D. Easley appeals from the judgment of sentence imposed after a jury convicted him of one count of aggravated assault and two counts of aggravated harassment by a prisoner.[1]  With this appeal, Appellant's counsel has filed a petition to withdraw and an ***Anders***[2] brief, stating that the appeal is wholly frivolous.  After careful review, we affirm and grant counsel's petition to withdraw.

The facts underlying this appeal are as follows.  On July 10, 2014, Appellant, while an inmate at the State Correctional Institution ("SCI") at

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702(a)(3) and 2703.1, respectively.

[2] ***Anders v. California***, 386 U.S. 738 (1967).

Albion, punched a correctional officer in the head on the way to his violence prevention group. Trial Court Opinion, 1/12/16, at 1 (citing N.T., 7/22/15, at 36-37). Later that same day, Appellant spat in the face of a prison nurse. *Id*. (citing N.T., 7/22/15, at 48). Two days later, he spat on another correctional officer. *Id*. (citing N.T., 7/22/15, at 55).

In April 2015,[3] a transportation order was entered for the Sheriff of Erie County to convey Appellant from SCI Frackville[4] to the Erie County Jail in order to appear in court with respect to the July 2014 offenses. On April 29, 2015, the administrative assistant to the warden of SCI Frackville contacted personnel at the Sheriff's Office and told them that Appellant was refusing to be transported to Erie to stand trial. Commonwealth's Exhibit A-2, 7/22/15; N.T., 7/22/15, at 5, 9. Notwithstanding this information, two sheriff's deputies went to SCI Frackville on April 30, 2015 and were again informed that Appellant refused to be transported to appear in court. On May 5, 2015, the Commonwealth filed a motion to continue the trial, which was granted by the trial court the next day.

---

[3] The exact date of the order cannot be read in the certified record. The order was date-stamped by the Clerk of Records on April 21, 2015 and entered on the docket on that date.

[4] Although the record is not clear, it appears that at some time between July 2014 and April 2015, Appellant was transferred from SCI Albion to SCI Frackville.

Two more transportation orders were entered on June 18, 2015 and July 2, 2015. On July 16, 2015, two sheriff's deputies again travelled to SCI Frackville to escort Appellant to Erie County. They were informed that, shortly before they arrived, Appellant had punched the light in his cell, causing a cut to himself that bled. Appellant then called out to a correctional officer and said, "I cut up. See this is the s--- I have to deal with. I'm done. I'm done talking, get the f--- away from my door." Appellant then threw a mixture of blood and milk under his cell that struck the correctional officer on both shoes and part of his legs. Trial Court Opinion, 1/12/16, at 3; N.T., 7/22/15, at 5-6, 9.

Thereafter, Appellant told the sheriff's deputies that he was willing to go to court but that he refused to wear his prison uniform while travelling. Trial Court Opinion, 1/12/16, at 3-4; N.T., 7/22/15, at 7, 9. The trip from SCI Frackville to Erie lasts about five hours, requiring stops for food, fuel, and bathroom use. Trial Court Opinion, 1/12/16, at 4. After consulting with the district attorney and the correctional officers, the Erie County sheriff's deputies cancelled the transport orders.

Later that day, the Commonwealth moved for a trial *in absentia*, which the Honorable Shad Connelly granted by an order dated that same day. Immediately before the commencement of the jury trial on July 22, 2015, the trial court judge, the Honorable John Garhart, reviewed the history of this case on the record and concurred with Judge Connelly's order. In a Rule

1925 opinion, Judge Garhart later stated: "Appellant has waived his constitutional right to be present for trial. Accordingly, his allegations to the contrary are meritless." Trial Court Opinion, 1/12/16, at 4.

On July 22, 2015, following a trial by jury, Appellant was convicted *in absentia* of the aforementioned offenses. On October 13, 2015, the trial court sentenced Appellant to an aggregate 18-36 months' incarceration, to be served consecutively to the sentence for which he was already confined.

On October 19, 2015, Appellant filed a post-sentence motion, which the trial court denied on October 27, 2015. On November 23, 2015, Appellant filed this timely appeal. On appeal, Appellant presents a single issue for our review:

> WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE COMMONWEALTH'S MOTION FOR TRIAL IN ABSENTIA.

***Anders*** Brief, at 3. In connection with this appeal, Appellant's counsel has also filed her petition to withdraw and her ***Anders*** brief.[5]

"When presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." ***Commonwealth v. Daniels***, 999 A.2d 590, 593 (Pa. Super. 2010) (internal citation omitted). An ***Anders*** brief shall comply with the

---

[5] Appellate counsel formally filed her petition to withdraw as counsel on May 25, 2016. Appellant has not filed a *pro se* response to the petition to withdraw. On July 18, 2016, the Commonwealth sent a letter to this Court stating that it did not intend to file a responsive brief.

- 4 -

requirements set forth by the Supreme Court of Pennsylvania in *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009):

> [W]e hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Pursuant to *Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005), and its progeny, counsel seeking to withdraw on direct appeal must also meet the following obligations to his or her client:

> Counsel must also provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in the *Anders* brief.

*Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (quoting *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004)). Finally, "this Court must conduct an independent review of the record to discern if

there are any additional, non-frivolous issues overlooked by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnotes and citations omitted).

Here, counsel has provided a copy of her May 23, 2016 correspondence to Appellant, which shows that counsel provided a copy of the ***Anders*** Brief to Appellant and advised Appellant of his right either to retain new counsel or proceed *pro se* on appeal to raise any points he deems worthy of the court's attention. Further, counsel's ***Anders*** Brief, also dated May 23, 2016, complies with prevailing law in that counsel has provided a procedural and factual summary of the case with references to the record. Counsel additionally advances relevant portions of the record that could arguably support Appellant's claims on appeal.

Ultimately, counsel cites her reasons and conclusion that Appellant's case "presents no non-frivolous issues for review":

> In the present case, there is indeed cause for the trial court to grant the Commonwealth's Motion to Try in Absentia. . . . [T]he Commonwealth produced ample evidence of the security risk transporting the Appellant posed. As noted in the record, the Appellant was a security and flight risk as well as a danger to himself. The risk of transport was well-documented in [Department of Corrections] records . . . where the Appellant was housed in the most secure housing – in the RHU [restricted housing unit]. The risk of taking him out of a secure setting and transporting him across the state was large. In addition, the Appellant had, on numerous occasions, refused and even sabotaged his opportunity to be transported to Erie County on three separate occasions. The fact that the Appellant subsequently expressed his desire to be transported to stand trial was not enough to [allay] the fear and risk of transporting him.

- 6 -

*Anders* Brief, at 6-7. In light of the foregoing, we conclude that counsel's petition to withdraw and her *Anders* brief comply with the requirements of *Santiago* and *Orellana*. As a result, we proceed to conduct an independent review to ascertain if this appeal is indeed wholly frivolous.

"A defendant's right to be present at trial is guaranteed by the Sixth Amendment to the United States Constitution; by Article I, Section 9 of the Pennsylvania Constitution; and by Pennsylvania Rule of Criminal Procedure 602(A)." *Commonwealth v. Faulk*, 928 A.2d 1061, 1065 (Pa. Super. 2007) (citation omitted). However, "[t]he right may be waived either impliedly, via the defendant's actions, or expressly." *Id.* As such, a "defendant's absence without cause at the time scheduled for the start of trial . . . shall not preclude proceeding with the trial, including the return of the verdict and the imposition of sentence." Pa.R.Crim.P. 602(A). The decision to proceed *in absentia* is within the trial court's discretion. As the Supreme Court of Pennsylvania stated in *Commonwealth v. Wilson*, 712 A.2d 735, 739 (Pa. 1998):

> [B]efore exercising its discretion to continue in the defendant's absence, the trial court should consider the following issues:
>
> [T]he likelihood that the trial could soon take place with the defendant present; the difficulty of rescheduling, particularly in multiple-defendant trials; the burden on the Government in having to undertake two trials, ...
>
> [T]his list of issues is not exhaustive. Other factors may be taken into consideration as the situation requires.

*Id.*

Here, the trial court stated at the outset that Appellant "has done everything he can to bedevil the authorities in attempting to carry out [his] right" to participate in a trial. N.T., 7/22/15, at 8. The trial court set forth the circumstances before it as follows:

> [Appellant has] committed serious misconducts, erupt[ed] in his cell, punch[ed] his light causing him to bleed, [and] mix[ed] blood with his milk to throw on the guards. . . . [T]he fact that at one instance there [Appellant] is agreeing to go is only an aberration in what appears to be a long extended pattern of misconduct by [Appellant] to thwart our attempts to get him here.

*Id.* at 6, 8. The trial court also took into account that Appellant is violent, in a restricted housing unit, and, in the opinions of multiple correctional officers, "one of the worst, if not the worst, inmates they've ever housed." *Id.* at 6-7. The trial court acknowledged that the Commonwealth has the "physical power and force to compel his appearance. We could do that. But we couldn't do that without great risk . . . to injuring the deputies." *Id.* at 8. The trial court concluded: "[H]e's not entitled, in my view, to jerk the deputies around. I know that's not a legal word, I'm thinking of a better word, but to basically turn them into yo-yos as he changes his mind as an attempt to manipulate them and the system." *Id.*

We agree, and hold that the trial court appropriately weighed the specific circumstances of this case against Appellant's constitutional right to be present for trial. In particular, the difficulty and burden of rescheduling the trial yet again and assuring that Appellant would be present at a

rescheduled trial, at great risk to the government personnel who would have to assure his presence, weighs heavily in favor of the trial court's decision. Accordingly, the trial court did not abuse its discretion in deciding to try Appellant *in absentia*.

Based on the foregoing, we agree with appellate counsel that the sole issue raised by Appellant lacks merit. In addition, we have reviewed the certified record consistent with **Flowers**, 113 A.3d at 1250, and have discovered no additional arguably meritorious issues. Thus, we grant appellate counsel's petition to withdraw and affirm the trial court's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/8/2016